ONDERDONK and ONDERDONK *vs.* LORD.

In an ejectment suit between two parties, neither of whom showed more than a mere possessory title to the premises, the force and effect of the prior possession of one of them may be lost by an abandonment of the premises; and such abandonment may be proved by parol evidence.

But an offer by defendant to prove by parol, that plaintiffs' ancestor had sold the premises to defendant's grantor, was properly rejected on the trial. If the sale was by deed, it should have been produced, or accounted for; if by parol, it was nugatory, whether it related to the title or mere possessory interest.

EJECTMENT to recover a lot of land in Hancock, Delaware county. One Bailey Hatheway had been in possession of the lot some 13 or 14 years, and cleared and fenced some ten acres, claiming only a possessory title, and conveyed by quit claim to one Onderdonk, 29 September, 1836, and left the possession the following year. Onderdonk resided in the neighborhood, but never moved upon the lot; nor does it appear that he ever occupied it. He left the country and settled in New Jersey about the time he took the deed of Hatheway, or soon afterwards, and died in the fall of 1838. The plaintiffs are his children and heirs. One witness stated, that he was requested by Onderdonk to write him if any one came on the lot. The plaintiffs rested.

The defendant proved a deed from one Miles C. Smith to him, 19 Sept. 1839, and that he took possession under the same. It was also proved, that the lot had been in charge of an agent of Smith some time before the giving of the deed. Several witnesses stated that the lot was vacant from the time Hatheway left possession till the defendant took possession; that Onderdonk had never been in the possession or occupation of it. The defendant offered to prove

17

the confessions of Onderdonk, that he had abandoned the possession, which offer was rejected. The defendant also proposed to prove, that Onderdonk admitted that he had sold the premises to Smith. This was also rejected.

The counsel for defendant requested the judge to charge, that the possessory title of plaintiffs having ended by the abandonment of Onderdonk, and defendant entering under a deed from Smith, the plaintiffs could not recover.

The judge charged, that as Onderdonk had received a deed from B. Hatheway, who was in possession, his heirs could not be divested of the paper title thus acquired by parol conveyance made by Onderdonk. Verdict for plaintiffs. Defendant moves for a new trial on exceptions.

*By the Court*, NELSON, Ch. J. It is quite clear upon the evidence that neither of the parties to this suit could set up any claim to the premises in question, beyond a mere possessory interest therein. Hatheway had no title, and claimed none—he was probably a squatter; and the quit claim from him to Onderdonk simply transfered the interest he had, more or less, to the latter; Onderdonk stood in his place.

The dispute then being one about the possession of the premises, the only question at the circuit, of any importance, was, which showed the better claim to them. The plaintiffs, having acquired the interest arising out of the prior possession and occupation, undoubtedly established the best right in the first instance, and so long as they could maintain this ground were entitled to the verdict. But the force and effect of a prior possession may be lost by abandonment, and this may be shown by parol. There are several cases on this point. (*Jackson* v. *Bightmyre*, 16 Johns., 314; *Jackson* v. *Walker*, 7 Cow., 637; *Whitney* v. *Wright*, 15 Wend., 171.)

The learned judge, therefore, erred in not admitting the evidence of abandonment by Onderdonk of his possession in his life time, so as to have enabled the defendant to go to the jury upon that question.

The offer to prove by parol that Onderdonk had sold out to Smith was properly rejected, for, if the sale was by deed,

it should have been produced or accounted for, if by parol, it was nugatory, whether it related to the title or mere possessory interest.

New trial granted, costs to abide event.